—FOR REPORTER PUBLICATION—

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**SCOTTY WAYNE,**
        **Plaintiff,**

    v.                                        **Case No. 15-23165-CIV-GAYLES**

**STATE OF FLORIDA, DEPARTMENT**
**OF CORRECTIONS,**
        **Defendant.**
_____/

## ORDER

Scotty Wayne, the Plaintiff, brings this action against his employer, the Defendant State of Florida, Department of Corrections ("FDC"), pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* Specifically, he alleges in his Amended Complaint that FDC retaliated against him by assigning him an unreasonable workload upon his return from self-care leave, in violation of 29 U.S.C. § 2615(a)(1).[1] He seeks injunctive relief.

Before the Court is FDC's Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 7]. The Court has reviewed the motion, the parties' submissions, the record, and the applicable law. For the reasons that follow, the Court concludes that the Plaintiff's FMLA retaliation claim for injunctive relief is barred by the Eleventh Amendment to the U.S. Constitution and, therefore, FDC's motion to dismiss shall be granted.

**I.     BACKGROUND**

The parties do not dispute the general factual premise of this matter, as alleged in the Amended Complaint. Wayne, who was at the time the cause of action arose and is currently an

---

[1] "The FMLA allows eligible employees to take up to twelve weeks of leave in any one-year period to address a family member's or the employee's own serious health condition. 29 U.S.C. § 2612(a)(1)(C), (D). Leave taken under the FMLA to care for family members is often labeled 'family-care' leave; leave taken to address an employee's own health condition is frequently referred to as 'self-care' leave." *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 768 (5th Cir. 2015).

FDC employee, requested and was approved for leave under the FMLA's "self-care" provision[2] from May 7, 2015, through June 6, 2015, due to his own serious medical condition. Am. Compl. ¶¶ 9, 16-17. He alleges that, upon his return, FDC—through his manager, Rosalind Wromas—assigned him a larger amount of work than he had previously been assigned and gave him a shorter period of time in which to complete that work. *Id.* ¶¶ 18-19. He filed suit, alleging that FDC violated the retaliation provision of the FMLA. Wayne claims that he has been injured as a result of FDC's actions and seeks injunctive and prospective relief in the form of a transfer to a different supervisor and out of Ms. Wromas's direct and indirect control. *See id.* ¶ 25(a); Pl.'s Opp'n at 2.

In its motion to dismiss, FDC contends that, as an agency of the State of Florida, it is entitled to immunity from the Plaintiff's claims under the Eleventh Amendment. Def.'s Mot. at 1-2, 4-5. Alternatively, FDC contends that the Plaintiff has failed to state a claim upon which relief can be granted because he has not alleged that he has suffered an actionable adverse employment action. *Id.* at 2, 5-6. Wayne responds by stating that the authority on which FDC relies in its sovereign immunity argument applies only to suits under the FMLA self-care provision for monetary damages, not injunctive relief. Pl.'s Opp'n at 1-2. He also states that the issue of whether he has alleged an actionable adverse employment action is more appropriately resolved on summary judgment, not on a motion to dismiss. *Id.* at 2.

## II.   DISCUSSION

The Eleventh Circuit has ruled that the assertion of Eleventh Amendment immunity challenges a court's subject matter jurisdiction and must be resolved before a court may address the merits of the underlying claim. *See Seaborn v. Florida*, 143 F.3d 1405, 1407 (11th Cir. 1998)

---

[2] Under the self-care provision of the FMLA, 29 U.S.C. § 2612(a)(1)(D), "[A]n eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

(citing *Seminole Tribe v. Florida*, 517 U.S. 44, 72-73 (1996); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)). As a result, the Court will address the parties' contentions regarding sovereign immunity before turning to the contentions regarding the merits of Wayne's allegations.

The Eleventh Amendment, "as interpreted by the Supreme Court, generally provides that Article III's jurisdictional grant did not and does not limit the sovereign immunity that states enjoyed when they joined the Union." *Walker v. Jefferson Cnty. Bd. of Educ.*, 771 F.3d 748, 751 (11th Cir. 2014) (citing *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011)). It "largely shields states from suit in federal courts without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." *United States ex rel. Lesinski v. S. Fla. Water Mgmt. Dist.*, 739 F.3d 598, 601 (11th Cir. 2014) (quoting *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 39 (1994)) (internal quotation marks omitted).

The text of the Amendment itself provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Despite this language, the Eleventh Amendment also bars suit against a State brought by a citizen of that State, *Hans v. Louisiana*, 134 U.S. 1 (1890), as well as suit brought against an "arm of the State," *Versiglio v. Bd. of Dental Exam'rs*, 686, F.3d 1290, 1291 (11th Cir. 2011) (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc)) (internal quotation marks omitted). Wayne does not dispute that FDC is an "arm of the State," a designation supported by the rulings of several Florida federal district courts. *See, e.g.*, *Clark v. Tucker*, No. 13-2642, 2014 WL 68646, at *3 (M.D. Fla. Jan. 8, 2014); *Holt v. Nw. Fla. Reception Ctr. Annex*, No. 12-0214, 2012 WL 4758369, at *2 (N.D. Fla. Aug. 14, 2012), *report and recommendation adopted sub nom. Holt v. Doss*, 2012 WL 4746162 (N.D. Fla. Oct. 4, 2012); *Bearelly v. Fla. Dep't of Corr.*, No. 00-1355, 2002 WL 400779, at *5 (M.D. Fla. Jan. 14, 2002). Nor does

Wayne dispute that the State of Florida, through FDC, has not consented to suit under this provision of the FMLA. *See Stewart*, 563 U.S. at 253 (explaining that a "State may waive its sovereign immunity at its pleasure").

Because Wayne seeks injunctive relief in this action, the Court notes that the Supreme Court's decision in *Ex parte Young*, 209 U.S. 123 (1908), creates an exception to sovereign immunity that applies in which the plaintiff seeks prospective injunctive relief to end continuing violations of federal law. *See, e.g.*, *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645-46 (2002). This exception, however, applies only in "suits seeking declaratory and injunctive relief against state officers in their official capacities," *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 269 (1997), and "has no application in suits against the States and their agencies, which are barred regardless of the relief sought," *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Because Wayne has named no state official in his or her official capacity as a defendant in this case (only FDC, a state agency), he is not permitted to invoke *Ex parte Young* to circumvent the Eleventh Amendment bar.

Wayne can proceed with his claims only if he can demonstrate that Congress has abrogated the State's Eleventh Amendment immunity from suit. *See Stewart*, 563 U.S. at 254 ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."). Congress may abrogate state sovereign immunity to give individual citizens a right of action against a nonconsenting state in federal court "when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'" *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)).

The relationship between FMLA self-care–provision retaliation claims like Wayne's and the doctrine of state sovereign immunity requires, at the outset, an understanding of four cases. First, in *Garrett v. University of Alabama at Birmingham Board of Trustees*, 193 F.3d 1214 (11th

4

Cir. 1999), *rev'd in part on other grounds*, 531 U.S. 356 (2001),[3] the Eleventh Circuit denied the claim of a plaintiff who alleged that the University of Alabama unlawfully retaliated against her in violation of the FMLA by failing to offer her the same or an equivalent position upon her return from self-care leave. The court held that Congress did not have the authority to abrogate state sovereign immunity on claims arising under the self-care provision of the FMLA. *See id.* at 1219. Second, in *Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721, 740 (2002), the Supreme Court held that Congress did validly abrogate state sovereign immunity for claims by state employees seeking money damages in federal court alleging that the state failed to comply with the one of the *family-care* provisions of the FMLA.[4]

Third, in *Batchelor v. South Florida Water Management District*, 242 F. App'x 652 (11th Cir. 2007) (per curiam), a panel of the Eleventh Circuit ruled that "[o]ur holding in *Garrett* that Congress is without authority to abrogate state sovereign immunity for claims arising under the self-care provision of the FMLA *remains the law of this Circuit*." *Id.* at 653 (emphasis added). In rendering this decision, the panel recognized, first, that the Supreme Court's decision in *Garrett*, which reversed the Eleventh Circuit's holding on the ADA issue, *see supra* note 3, left its holding on the FMLA issue undisturbed; and, second, that the Supreme Court's holding in *Hibbs* applied only to the family-care provisions of the FMLA. *See id.* at 652-53; *see also Nelson v. Univ. of Tex.*, 535 F.3d 318, 321 (5th Cir. 2008) ("Because *Hibbs* concerned only subsection C of § 2612(a)(1), the Court made no comment on whether Congress validly abrogated sovereign immunity under subsection D.").

---

[3] The Supreme Court reversed the Eleventh Circuit's holding—unrelated for the Court's present purposes—that Congress validly abrogated the States' Eleventh Amendment immunity through the passing of Title I of the Americans with Disabilities Act ("ADA"). *See Garrett*, 531 U.S. at 363.

[4] Specifically, 29 U.S.C. § 2612(a)(1)(C), which provides an eligible employee leave for the care of a "spouse . . . son, daughter or parent" with "a serious health condition."

5

Fourth and finally, in *Coleman v. Court of Appeals*, 132 S. Ct. 1327 (2012), the Supreme Court affirmed the same conclusion the Eleventh Circuit panel previously reached in *Batchelor*. There, a plurality of the Court held that "suits against States under [the self-care provision] are barred by the States' immunity as sovereigns in our federal system." *Id.* at 1332 (plurality op.). The petitioner in *Coleman* was an employee of the Court of Appeals of Maryland who requested sick leave and was informed that he would be terminated if he did not resign. He sued his employer in federal court, alleging, *inter alia*, that the employer violated the FMLA by failing to grant him self-care leave. *See id.* at 1332-33. The plurality found that Congress "failed" to "identify a pattern of constitutional violations and tailor a remedy congruent and proportional to the documented violations . . . when it allowed employees to sue States for violations of the FMLA's self-care provision," and therefore the Eleventh Amendment barred claims brought under this provision. *Id.* at 1338.

It would seem obvious that *Garrett*, *Hibbs*, *Batchelor*, and, most recently, *Coleman* together close the proverbial doors of the federal courts to Wayne's claim under the self-care provision of the FMLA. He seeks to open himself a window, however, by contending that *Coleman* merely "refines the earlier holdings stating that sovereign immunity applies to suits under the FMLA self-care provision for **monetary damages**." Pl's Opp'n at 2 (emphasis added). Because he is only seeking injunctive relief, he argues, sovereign immunity should not apply.

But the plurality in *Coleman* did not provide for this sort of distinction; in fact, it held explicitly that sovereign immunity bars "suits against States" under the self-care provision—in other words, all suits—without singling out only those seeking monetary damages. *Coleman*, 132 S. Ct. at 1332. Additionally, neither *Garrett* nor *Hibbs* nor *Batchelor* make the distinction Wayne reads into them. And while the *Coleman* plurality may not have mentioned suits seeking injunctive

6

relief brought against States and their agencies, it certainly did not carve out an exception permitting them, either.

What's more, *Coleman* contains no language that would in any way disturb the Court's prior precedent detailing how the Eleventh Amendment affects cases seeking monetary damages no differently than those seeking injunctive relief. In *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984), for instance, the Court explained that a suit against the State is barred "regardless of whether it seeks damages or injunctive relief." *Id.* at 101-02. And in *Cory v. White*, 457 U.S. 85 (1982), it opined that "[i]t would be a novel proposition indeed that the Eleventh Amendment does not bar a suit to enjoin the State itself simply because no money judgment is sought. . . . [T]he Eleventh Amendment by its terms clearly applies to a suit seeking an injunction, a remedy available only from equity." *Id.* at 90-91. Other district courts have maintained this status quo in the wake of *Coleman* and have continued to bar suits seeking injunctive relief under the FMLA's self-care provision. *See, e.g.*, *Ginwright v. Dep't of Rev.*, No. 12-0473, 2013 WL 1187943, at *5 (M.D. Ala. Mar. 21, 2013) (following *Garrett* and *Batchelor* and dismissing claims against the Alabama Department of Revenue under the self-care provision); *see also Harman v. Univ. of Md.*, No. 10-2041, 2013 WL 6858854, at *6 (D. Md. Dec. 20, 2013) (barring claims for injunctive relief under the FMLA brought only against a State university).

In fact, the Fifth Circuit, following *Coleman*, recently rejected an argument similar to Wayne's in *Bryant v. Texas Department of Aging & Disability Services*, 781 F.3d 764 (5th Cir. 2015). There, the district court denied a motion for summary judgment where the plaintiff had brought a retaliation claim pursuant to the self-care provision of the FMLA, seeking prospective equitable relief in the form of reinstatement. On interlocutory appeal by the state agency–employer, the plaintiff argued that her claim for reinstatement was "an acceptable form of prospective relief against the state that is not barred by the Eleventh Amendment." *Id.* at 769. The

7

Fifth Circuit disagreed and reversed the district court, holding that the injunctive relief exception on which the plaintiff was attempting to rely was, in actuality, the *Ex parte Young* doctrine, which "does not apply to suits against state agencies." *Id.*

Wayne argues, like the plaintiff did in *Bryant*, that sovereign immunity does not bar his self-care claim because he seeks injunctive relief—here, in the form of a transfer to a new supervisor—rather than monetary damages. But he points to no authority to support this contention other than an incorrect reading of *Coleman*. Thus, because he has brought suit against only the state agency (FDC), and not against a state official in his or her official capacity, he cannot invoke what is, in essence, *Ex parte Young* to keep his claim in federal court. *See, e.g.*, *Alabama v. Pugh*, 438 U.S. 781, 781-82 (1978) (per curiam). Accordingly, the Court finds that the Plaintiff's retaliation claim seeking injunctive relief against an agency of the State under the self-care provision of the FMLA is barred by the Eleventh Amendment.[5]

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Defendant's motion to dismiss [ECF No. 7] is **GRANTED**. The Plaintiff's Amended Complaint [ECF No. 6] is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to mark this case **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of January, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[5] As the Court has determined that the Eleventh Amendment issue is dispositive of the Plaintiff's case, it will not address FDC's arguments regarding the sufficiency of the allegations contained within the Amended Complaint.